# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JONATHAN A. LEACH,

        Petitioner,    :        Case No. 2:25-cv-00146

  - vs -                      District Judge Michael H. Watson
                              Magistrate Judge Michael R. Merz

WARDEN, Southeastern
  Correctional Institution,

                          :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner Jonathan Leach to obtain relief from his conviction in the Madison County Court of Common Pleas and consequent sentence of imprisonment.  The case is ripe for decision on the Petition (ECF No. 3), the State Court Record (ECF No. 8) and the Return of Writ (ECF No. 10).

Chief Magistrate Judge Stephanie Bowman to whom this case was originally referred set a reply deadline of twenty-one days after the Return of Writ was filed (ECF No. 2).  The Return was filed August 25, 2025, making the reply deadline September 15, 2025.  However, Petitioner has never filed a reply nor sought an extension of time to do so.  The case is therefore ripe for decision without a reply.

The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 15).

1

**Litigation History**

A Madison County, Ohio, grand jury indicted Petitioner March 10, 2023, on two counts of rape in violation of Ohio Revised Code § 2907.02(A)(1)(b)(Indictment, State Court Record, ECF No. 8, Ex. 1).  Both counts carried the specification that the victim was under the age of ten.  *Id.* A trial jury found Petitioner guilty on both counts and he was sentenced to be imprisoned for life without the possibility of parole. *Id.* at Exs. 13 and 14.

Represented by new counsel, Leach appealed to the Ohio Twelfth District Court of Appeals. *Id.* at Ex. 15.  That court affirmed.  *State v. Leach*, 2024-Ohio-3145 (Ohio App. 12th Dist. Aug. 19, 2024).  The Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal.  *State v. Leach*, 176 Ohio St.3d 1411 (Nov. 26, 2024).

Leach then filed his Petition in this Court, pleading the following grounds for relief

> **Ground One**:  Ineffective Counsel
>
> **Supporting Facts**: I asked for new counsel when Madison County Courts appointed me Joshua Beasley. The court said no. Joshua Beasly asked the Court for a DNA expert. The Judge told him ok and to get a price on what it will cost. My counsel Joshua Beasley didn't look for a DNA expert at all. He told me we didn't need one and that he or we got this. Now I'm in prison for life.
>
> **Ground Two**: The court abused its discretion by disallowing evidence of prior sexual acts by the accuser which were intended to demonstrate the accuser's prior knowledge of those same sexual acts.
>
> **Supporting Facts**: The mother and grandmother of the accuser told the courts that the accuser has been caught watching porn.  [Further facts are alleged in the Petition as filed.  This page of the Petition has been ordered sealed for reasons given in the sealing order.]

> **Ground Three**: The Court committed reversible error by not finding prejudice as a result of the prosecutor's discovery violation in its failure to disclose exculpatory evidence.
>
> **Supporting Facts:** The State never characterized its failure to disclose the "third voicemail" as a Brady violation. The other voicemails one and two somehow got deleted by the Madison County Sheriff's Department. The jury didn't get to hear or see any evidence for me. Nothing at all. My counsel didn't try to show any evidence to support me.
>
> **Ground Four**: The court committed plain error by not issuing a limiting instruction following a sustained hearsay objection that the accuser had retracted her retraction
>
> **Supporting Facts**: How many times can some retract something before they figure out it's a lie? The story's changed so many times. Even the Grandmother's statements changed from the first statement on Jan 14, 2023 and the other statement on Feb 27, 2023 they charged but that's ok. The family of the accused tried to get a lawyer for me, but couldn't afford it. Look at my discovery it tells the story.

Petition, ECF No. 3, PageID 73-78.

# Analysis

## Ground One:  Ineffective Assistance of Trial Counsel

In his First Ground for Relief, Petitioner claims he received ineffective assistance of trial counsel when his trial attorney failed to present testimony from a DNA expert whose employment the trial court had approved.   Respondent argues this claim has never been fairly presented to the Ohio courts and is therefore unexhausted (Return, ECF No. 10, PageID 752).

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780

(1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

Petitioner's claim of ineffective assistance of trial counsel was not presented to the Twelfth District on direct appeal and in fact could not have been properly presented there because it depends on facts outside the appellate record. That is, Petitioner needed to present evidence of what a DNA expert would have testified to. It cannot be ineffective assistance of trial counsel to fail to present evidence unless that evidence would have had probative value, but no such evidence is of record.

Ohio has a remedy for claims of ineffective assistance of trial counsel which cannot be litigated on direct appeal: a defendant can file a petition for post-conviction relief which presents evidence outside ("dehors") the record under Ohio Revised Code § 2953.21. However, review of

4

the State Court Record shows that Petitioner has not filed such a petition and because the one-year statute of limitations for such petitions has passed, he can no longer do so.  Therefore Ground One is procedurally defaulted and barred from consideration on the merits by that default.  Ground One should be dismissed as procedurally defaulted.

**Ground Two:  Exclusion of Evidence of Knowledge of Sexual Acts by the Victim**

In his Second Ground for Relief, Petitioner asserts the trial judge abused his discretion by excluding evidence that the victim had knowledge of the nature of certain sexual acts.  Leach presented this claim as his fourth assignment of error on direct appeal and the Twelfth District decided it as follows:

> {¶ 31} In his fourth assignment of error, Leach argues that the trial court should have admitted evidence that Emma[1] had witnessed cunnilingus and fellatio while watching a sexually explicit program on Netflix. Leach argues that this evidence would have demonstrated Emma's prior knowledge of the sexual acts she accused Leach of committing against her. We disagree.
>
> {¶ 32} R.C. 2907.02(E) and (F) permit the trial court to determine the admissibility of evidence of any sexual activity of the victim after a hearing on the matter in chambers prior to, or for good cause shown, during trial. When evidence is offered to show a child's knowledge of sexual acts, its relevance depends on whether the prior sexual acts closely resemble the acts in question. State v. Young, 2009-Ohio-5354, ¶ 33 (8th Dist.). Where allegations of prior sexual acts are unsubstantiated or where the prior sexual acts are dissimilar to the allegations made against the defendant, such evidence is not probative or relevant. See Id. at ¶ 36-37.
>
> {¶ 33} Emma's mother testified in an in camera hearing that she noticed on her Netflix account that someone had begun watching a sexually explicit program. She later caught Emma watching the program on one occasion, and immediately stopped her. It could not be established how much of the program Emma had actually

---

[1] "Emma" is the pseudonym used by the Twelfth District to protect the anonymity of the child victim.

5

watched. Emma's mother separately viewed the first two episodes of the show, and testified that it depicted people naked on top of one another, but did not depict cunnilingus or fellatio.

{¶ 34} The trial court did not abuse its discretion when it disallowed this evidence because it could only be speculated as to how much of the program Emma had watched, and there was no indication that Emma witnessed cunnilingus or fellatio, therefore the evidence was not probative or relevant.

{¶ 35} Leach's fourth assignment of error is overruled.

*State v. Leach, supra.*

The standard of review followed by Ohio appellate courts in reviewing admissibility of evidence is whether the trial court has abused its discretion. *Id.* 12, citing at *State v. Knecht*, 2015-Ohio-4316, ¶ 20 (12th Dist.). That was the standard of review Leach invoked in presenting his fourth assignment of error and he invokes the same standard of review here in his pleading of Ground Two.

However, this Court does not review state court rulings for abuse of discretion. Put another way, abuse of discretion is not a denial of due process. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995). Nor is the Court aware of any Supreme Court decision which would render unconstitutional the exclusion of the particular evidence the defense sought to introduce about the victim's sexual knowledge.

Ground Two should be dismissed as without merit.

**Ground Three: Failure to Disclose Exculpatory Evidence**

In his Third Ground for Relief Petitioner appears to be claiming that the prosecutor failed to disclose exculpatory evidence which would be, if it happened, a violation of the Due Process

6

Clause.  The evidence in question is one of three voicemails which evidence the victim's recantation of her accusations against Leach; prior to trial she had withdrawn her recantation

Petitioner presented this claim as his second assignment of error on direct appeal and the Twelfth District decided it as follows:

> {¶ 21} In his second assignment of error, Leach argues he suffered prejudice when the state failed to disclose a voicemail recording until the middle of trial, when the state realized it had not been turned over.
>
> {¶ 22} Crim.R. 16 governs discovery in criminal prosecutions. *State v. Wilson,* 2013-Ohio-3877, ¶ 14 (12th Dist.). "Prosecutorial violations of Crim.R. 16 are reversible only when there is a showing that (1) the prosecution's failure to disclose was a willful violation of the rule, (2) foreknowledge of the information would have benefited the accused in the preparation of his defense, and (3) the accused suffered some prejudicial effect." *State v. Joseph,* 73 Ohio St.3d 450, 458 (1995). Sanctions for a Crim.R. 16 discovery violation are within the discretion of the trial court. *State v. Palmer,* 2014-Ohio-5491, ¶ 39 (12th Dist.). When deciding on a sanction, the trial court must impose the least severe sanction that is consistent with the purpose of the rules of discovery. *Id.*
>
> {¶ 23} On January 19, 2023, the police had received two voicemails from Ana and from Emma's mother, advising them that Emma had recanted her accusations against Leach. The police failed to preserve these voicemail recordings; however, the state provided the content of these voicemails to the defense in discovery. At trial, Leach moved to dismiss the charges due to the state's failure to preserve these voicemails. On July 25, 2023, during the discussion of the defense's motion to dismiss, the prosecutor disclosed that there was a third voicemail left by Emma's mother for the state's victim's advocate on February 22, 2023, advising the victim's advocate of Emma's recantation. The prosecutor conceded that he knew of this voicemail more or less immediately and had neglected to provide it to the defense in discovery. The third voicemail was then provided to the defense and played for the trial court.
>
> {¶ 24} The trial court ultimately overruled Leach's motion to dismiss, reasoning that the defense had been informed of the content of the first two voicemails and was able to use the information about Emma's recantation in cross-examination. Further, the trial court found that the specific recordings were not material to the defense,

and the third voicemail was cumulative to the other voicemails. The defense learned of this third voicemail prior to the testimony of Emma's mother and Ana. Thus, this information was available to use on cross-examination of those witnesses. Nevertheless, the defense did not move for a continuance or an adjournment to investigate the third voicemail or consider its significance to the defense.

{¶ 25} On appeal, the defense asserts that the third voicemail was important for establishing a timeline and the time period over which Emma maintained her recantation before retracting it. However, the dates of the voicemails were apparent and constructing the timeline was not a complicated undertaking. There is no indication that the state's failure to provide the third voicemail in discovery was willful, and the third voicemail was otherwise cumulative to the first two voicemails. Therefore, the defense did not suffer prejudice from the late disclosure.

{¶ 26} Leach's second assignment of error is overruled.

*State v. Leach, supra.*

The State has a duty to produce to a defendant exculpatory evidence in a criminal case. If the State withholds evidence and it is material, the conviction must be reversed. *Brady v. Maryland*, 373 U.S. 83 (1963). Here the content of the first two voicemails was revealed prior to trial, but it was discovered during trial that the third voicemail had not been produced. As noted by the Twelfth District, it was produced mid-trial and played in court.

The Twelfth District concluded that Leach suffered no prejudice from the disclosure of the third voicemail mid-trial. That conclusion is binding on this Court unless Petitioner can show that it is a determination based on an objectively unreasonable reading of the facts. 28 U.S.C. § 2254(d)(2). Applying that statute, the Sixth Circuit has held:

> "[R]egardless of whether we would reach a different conclusion were we reviewing the case *de novo*, the findings of the state court must be upheld unless there is clear and convincing evidence to the contrary." *Clark v. O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001) (applying 28 U.S.C. § 2254(e)(1)); *see also Wood v. Allen*, 558 U.S. 290, 130 S. Ct. 841, 849, 175 L. Ed. 2d 738 (2010) (stating that as for 28 U.S.C. § 2254(d)(2), "a state-court factual determination is

> not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance"). And that deference must be paid even to state-court factual findings made on appeal. *See Rushen v. Spain*, 464 U.S. 114, 120, 104 S. Ct. 453, 78 L. Ed. 2d 267 (1983); *Sumner v. Mata*, 449 U.S. 539, 546-47, 101 S. Ct. 764, 66 L. Ed. 2d 722 (1981). "Further, the Supreme Court has very recently made abundantly clear that the review granted by AEDPA is even more constricted than AEDPA's plain language already suggests." *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012). "[S]o long as fairminded jurists could disagree on the correctness of the state court's decision," relief is precluded under AEDPA. *Harrington v. Richter*, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011) (internal quotation marks omitted).

*Franklin v. Bradshaw*, 695 F.3d 439 (6th Cir. 2011).  The third voicemail was revealed at a time when the jury could hear it and defense counsel could use it in cross-examination.  There is no evidence that its revelation at an earlier time would have made a difference in the outcome of the trial.

As to Ground three, the Twelfth District's decision is entitled to deference and Ground Three should therefore be dismissed on the merits.

**Ground Four:  Failure to Give A Limiting Instruction**

In his Fourth Ground for Relief, Petitioner asserts the trial court erred in failing to give a proposed limiting instruction.  He presented this claim to the Twelfth District which decided it as follows:

> {¶ 28} In his third assignment of error, Leach argues that the trial court erred by not issuing a limiting instruction after it sustained a hearsay objection to Ana's testimony that Emma had retracted her recantation of the rape accusation against Leach. Leach did not request such an instruction; therefore we review for plain error. "Plain error does not exist unless the error is obvious and but for the error, the outcome of the trial would have been different." *State v. Warnock*, 2024-Ohio-382, ¶ 32 (12th Dist.).

9

> Emma's initial disclosures of being raped, made under the stress of the events that had just occurred, combined with the DNA evidence, established Leach's guilt beyond a reasonable doubt. Because of the overwhelming evidence supporting the convictions, a limiting instruction would not have changed the outcome of the trial.
>
> {¶ 29} Leach's third assignment of error is overruled.

*State v. Leach, supra.*

Ground Four is procedurally defaulted because Petitioner's counsel made no contemporaneous objection and the Twelfth District reviewed only for plain error. Plain error review is enforcement, not waiver, of the underlying procedural rule. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001). Ohio's contemporaneous objection rule is an adequate and independent state rule of decision. States have a very strong interest in the contemporaneous objection rule. *Scott v. Mitchell,* 209 F.3d 854 (6th Cir. 2000), quoting extensively from *Wainwright v. Sykes*, 433 U.S. 72, 88-90 (1977). Ohio's contemporaneous objection rule is an adequate and independent state ground. *Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001);*Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982).

Leach has offered no excusing cause and prejudice to excuse this procedural default and Ground Four should be dismissed on that basis.

Ground Four is also without merit. No Supreme Court precedent known to the Court requires that a limiting instruction be given in these circumstances.

10

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 12, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.