# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

JONATHAN A. LEACH,

     Petitioner,  :    Case No. 2:25-cv-00146

 - vs -         District Judge Michael H. Watson
              Magistrate Judge Michael R. Merz

WARDEN, Southeastern
 Correctional Institution,

            :
    Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Jonathan Leach to obtain relief from his conviction in the Madison County Court of Common Pleas, is before the Court on Petitioner's two letters to the Court (ECF Nos. 22, 23) filed after the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 21). The letters were filed within the time allowed for objections to the Report. The Magistrate Judge accordingly files the instant Report to deal with the letters.

The first letter contains a narrative account of the facts of Petitioner's arrest and later court appearances. This Court is only permitted to consider facts that were of record before the appellate court which decided Petitioner's case. *Cullen v. Pinholster,* 563 U.S. 170 (2011). As is true of all federal judges, the undersigned pledged under oath to defend the United States Constitution. That oath does not permit this Court to depart from binding precedent to suit the opinions of any litigant as to how he was treated unfairly.

1

The letter contains a Motion for Immediate Release (PageID 1172). Petitioner has not shown he is entitled to release, either on bond or permanently, for reasons given in the Report. The letter also requests a new trial (PageID 1173). This Court is not authorized to grant a new trial, although if the prior conviction were unconstitutional for violations of Petitioner's rights that occurred at trial, the Court would probably issue a writ conditioned on giving Petitioner a new trial. This Court has no authority to reduce Petitioner's sentence. His motion for appointment of counsel is denied for the reasons previously given: insufficient Congressional appropriations to fund counsel in non-capital habeas cases. The motion to have this judge read all material on which Petitioner relies is denied, not because "the Government does not care" as Petitioner asserts, but because the rule of law mandates lower courts to follow precedent set by the Supreme Court.

Petitioner's second letter complains about the Court's sealing any documents in this case. In granting the Motion to Seal, the Court noted that Petitioner had not opposed it. The Motion was filed August 25, 2025, and the docket shows no opposition from Petitioner until this most recent letter. Despite Petitioner's failure to oppose, the Magistrate Judge considered the question under the Sixth Circuit standard in *Shane Group*, the currently governing standard. The undersigned appreciates that Petitioner is not an attorney and is not represented by one. But the Court must follow the law as best it understands the law.

The second letter also states that all Petitioner wants is an unbiased judge. If that amounts to a claim that somehow the undersigned is biased, it lacks the detail required for such a claim under the disqualification statutes, 28 U.S.C. §§ 144 and 455.

Finally, the second letter makes a claim that Petitioner's Eighth Amendment right not to suffer cruel and unusual punishment is being violated because he is an innocent man sentenced to life imprisonment for "fellatio and or cunnilingus." A jury of his peers found Petitiomner guilty

2

of committing those acts with a minor child.  That is rape under Ohio law and taken very seriously. Life imprisonment for committing that offense has never been held by the Supreme Court to be cruel and unusual punishment.  Petitioner says he is innocent, but the jury (which is not the "Government") did not believe him.

Nothing in Petitioner's two letters requires modification of the pending Report, which should be adopted.

February 25, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #