**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Jonathan A. Leach,

      Petitioner,

      v.

Warden Southeastern Correctional
Institution,

      Respondent.

Case No. 2:25-cv-146

Judge Michael H. Watson

Magistrate Judge Merz

## OPINION AND ORDER

Jonathan A. Leach ("Petitioner"), a state prisoner, petitions for a writ of habeas corpus, challenging his Madison County, Ohio, conviction for two counts of rape of a minor. ECF No. 3. The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Court dismiss the Petition. ECF No. 21. Petitioner filed two letters, ECF Nos. 22 & 23, which the Magistrate Judge construed as objections. In response to those objections, the Magistrate Judge issued a supplemental R&R ("SR&R"). ECF No. 24. Petitioner objected, ECF No. 25, and Respondent responded, ECF No. 26.

## I.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews *de novo* those parts of the R&R and SR&R to which Petitioner properly objected. Fed. R. Civ. P. 72(b)(3).

## II.  ANALYSIS

It is clear that Petitioner protests his innocence and wants this Court to completely review the evidence and verdict in his state-court case.  But "[a] federal habeas court does not sit as a traditional appellate review with supervisory power to correct general errors committed by a state authority; rather, it has power only to accord relief for *constitutional violations*." *Linger v. Akram*, 23 F. App'x 248, 252 (6th Cir. 2001) (citation omitted).

To that end, if a claim of constitutional violation was adjudicated on the merits by the state court, this Court could grant habeas relief only if the state court's "adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Moreover, if a claim was not presented in state-court proceedings because of a petitioner's failure to raise the issue in violation of a state procedural rule, that claim is subject to procedural default and will only be reviewed upon a showing of cause and prejudice." *Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1068 (6th Cir. 2015) (citation omitted).

With those principles in mind, the Court turns to the habeas Petition, which raises four grounds for relief.  The Court first considers Petitioner's general

objections and then turns to those objections he directs at specific portions of the R&R and/or the SR&R.

## A. General Objections

As noted above, Petitioner filed two letters after the Magistrate Judge issued his R&R. The first letter restated Petitioner's version of events on the night he was arrested and the next day. ECF No. 22 at PAGEID ## 1168–69. It also accuses a detective of lying at a pretrial hearing and accuses a county prosecutor's victim advocate of coercing the victim to lie. *Id.* at PAGEID ## 1169–70. The letter then expresses general disappointment with the enforcement and judicial branches of the State of Ohio and concludes by requesting various forms of relief (and anticipating the Court's denial of the same). *Id.* at PAGEID ## 1171–73.

The second letter takes issue with Respondent's motion to seal certain parts of the record in this case and the Magistrate Judge's Order granting the same. ECF No. 23 at PAGEID # 1176. Petitioner also asks for a new trial and for a reduction in his sentence, and he references the Eighth Amendment and biased judges. *Id.* at PAGEID ## 1176–77.

Neither of the letters, however, address the legal analysis contained in the R&R. *See* ECF Nos. 22 & 23.

Thereafter, the Magistrate Judge issued an SR&R, explaining that this Court cannot consider any facts that are not contained in the state-court record. ECF No. 24 at PAGEID # 1179. The SR&R also denied Petitioner's request for

Case No. 2:25-cv-146                                                    Page 3 of 21

appointed counsel (because there is no right to appointed counsel in habeas actions), recommended against immediate release pending conclusion of the habeas case, and explained that the Court lacks authority to reduce Petitioner's sentence or require a new trial. *Id.* at PAGEID # 1180. The SR&R also explained that, when granting Respondent's motion to seal, the Magistrate Judge recognized that Petitioner had not filed an opposition to the Respondent's motion, which is a true statement. *Id.* Nonetheless, the Magistrate Judge continued, he did not grant the motion to seal simply *because* Petitioner failed to respond; he granted the motion only because the grant was warranted under the law applicable to requests to seal. *Id.* The SR&R also addressed Petitioner's references to the Eighth Amendment and biased judges. *Id.* In the end, it recommended no change from the R&R. *Id.* at PAGEID # 1181.

In his objections to the SR&R, Petitioner begins by re-asserting his innocence and re-claiming that he is the victim of a series of corrupt State courts. ECF No. 25 at PAGEID # 1182. Petitioner begs this federal Court to comb through the evidence in the state-court trial and overturn his conviction because the state-court jury reached the wrong conclusion when finding him guilty. *Id.* As he has done throughout this proceeding, Petitioner accuses the Ohio government of human trafficking, arguing that the State knowingly convicts innocent people in order to send them to Ohio prisons as a way to make money. *Id.* at PAGEID # 1183. In addition, Petitioner repeats his theory as to how the victim's DNA

ended up on his penis and how his DNA ended up on the victim's underwear. *Id.* at PAGEID # 1183.

Despite Petitioner's vehement protestations of innocence, however, this Court has no jurisdiction to re-hear the evidence from his criminal case and determine whether his conviction was factually correct. Furthermore, as irrational as it may seem to Petitioner, the Supreme Court of the United States has never held that actual innocence is an independent basis for granting habeas relief. *Gray v. Mackey*, No. 25-3343, 2025 WL 4706258, at *4 (6th Cir. Nov. 25, 2025) ("And the Supreme Court has not held that freestanding actual innocence claims in non-capital cases are cognizable in federal habeas corpus proceedings." (citations omitted)). At bottom, this Court is simply not a forum to re-try his criminal conviction, so it must decline his invitation to do the same.

Next, Petitioner contends that he never knowingly failed to file a reply brief in support of his Petition for a writ of habeas corpus, and he objects to the R&R's recognition that the Petition became ripe on his failure to do so. *Id.* at PAGEID # 1184.

But the Magistrate Judge did not err in concluding that "the case is therefore ripe for decision without a reply." ECF No. 21 at PAGEID # 1157. "Ripe for decision" means simply that the Court has received all permitted filings and therefore may consider the merits of the Petition without awaiting additional materials. As has been explained to Petitioner, there is no right to appointed counsel in this proceeding, and this Court lacks funds from which to appoint

counsel, so he must proceed without the assistance of counsel.  Petitioner's lack of legal knowledge does not excuse his burden to familiarize himself with the law and local rules, one of which permits him to file a reply brief in support of his Petition.  He was not *required* to file a reply brief, and his failure to do so is not a proper ground to object to the fact that the Magistrate Judge considered the merits of the Petition on only the Petition, Respondent's Return of Writ, and the state-court record.

Further, statements like, "I object to all of it," *e.g.*, ECF No. 25 at PAGEID # 1184, are equivalent to a failure to object.  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.").  That said, the Court will consider pointed objections to the R&R.

## B. Specific Objections

### 1. Ground One

In Ground One, Petitioner alleges ineffective assistance of trial counsel. ECF No. 3 at PAGEID # 73.  Specifically, he alleges:

> I asked for new counsel when Madison County Courts appointed me Joshua Beasley.  The court said no.  Joshua Beasley asked the court for a DNA expert.  The Judge told him ok and to get a price on what it will cost.  My counsel Joshua Beasley didn't look for a DNA expert at all.  He told me we didn't need one and that he or we got this.  Now Im in prison for life.

*Id.* (errors in original).

The R&R recommended concluding that the basis for this ineffective-assistance-of-trial-counsel claim could not be found on the trial record such that it could not have been raised on direct appeal.  ECF No. 21 at PAGEID # 1160.  Rather, it should have been raised in a state postconviction motion.  *Id.*  But because Petitioner did not file a state postconviction motion and the time to do so has passed, the R&R recommended dismissing Ground One as procedurally defaulted.  *Id.* at PAGEID # 1161.

Petitioner's pointed objection to Ground One is, really, a statement that this federal court must "watch over the small courts" and fix the perceived injustice of his conviction.  ECF No. 25 at PAGEID # 1185.  The objection does not contest the R&R's conclusion that Ground One is procedurally defaulted because Petitioner failed to file a postconviction motion in state court and the deadline to do so has passed.  *Id.* ("You said should be dismissed as procedurally defaulted, (what does that mean) When a mans life is affected because of corrupted Government it should be dismissed.  That don't sound right.  'object.'" (errors in original)).

On *de novo* review, the Court agrees that Ground One is procedurally defaulted, and, therefore, this Court is unable to consider the merits of Petitioner's ineffective-assistance-of-trial-counsel claim.

The habeas corpus statute contains an exhaustion requirement.  28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it

appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."). This means that a federal court cannot consider the merits of a claim on habeas review unless the applicant "exhaust[s] all potential avenues of relief available under state law prior to prosecuting a federal action for collateral review." *Linger*, 23 F. App'x at 252 (citation omitted); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). That exhaustion requirement is satisfied "only after the petitioner has fully litigated his or her claim(s) within the state judicial system to a final dispositive adverse decree issued by the state's Supreme Court." *Linger*, 23 F. App'x at 252 (citation omitted).

If a petitioner "properly and fairly presents a claim on direct appeal to the state's intermediate appellate court and highest court," that claim is exhausted even if the petitioner fails to subsequently file a collateral motion in state court. *Clinkscale v. Carter*, 375 F.3d 430, 438 (6th Cir. 2004). Here, Petitioner presented Grounds Two, Three, and Four in his direct appeal to the Ohio Twelfth District Court of Appeals and to the Supreme Court of Ohio. *See* ECF No. 3 at PAGEID ## 75–78; ECF No. 8 at PAGEID ## 229–37, 285–304. Thus, Petitioner has exhausted Grounds Two, Three, and Four in his Petition even though he did not file a motion for state postconviction relief.

But, he did not raise the issue of trial counsel's ineffectiveness on direct appeal. That, in and of itself, is not fatal to the claim on habeas because, as the R&R noted, Petitioner alleges that trial counsel was ineffective for failing to hire a DNA expert, and that claim could not have been raised on direct appeal because it relies on evidence not contained in the trial record.[1] ECF No. 21 at PAGEID # 1160; *Hedenberg v. Noble*, No. 19-4250, 2020 WL 3422167, at *2 (6th Cir. June 15, 2020) ("Ohio law requires a defendant to raise ineffective-assistance-of-trial-counsel claims on direct appeal, unless the claims rely on evidence outside of the record." (citation omitted)).

Petitioner could, however, have raised his ineffective-assistance-of-trial-counsel claim in the state trial court via a state postconviction petition brought under Ohio Revised Code § 2953.21. Because a postconviction petition under Ohio Revised Code § 2953.21 was an "available procedure" by which to raise this claim, Petitioner needed to do so to exhaust that claim for purposes of habeas. Petitioner failed to file a state postconviction petition and, therefore, failed to exhaust this claim in state court. Because this claim was not exhausted, this Court is statutorily prohibited from considering it. 28 U.S.C. § 2254(b)(1)(A).

The next question regards how the Court should proceed on this unexhausted claim. On the one hand, Petitioner seems to have no avenue to

---

[1] Of course, the record reflects that trial counsel failed to call a DNA expert. So, to the extent this claim could have been raised on direct appeal, but was not, it remains procedurally defaulted because Petitioner is barred by *res judicata* from attempting to raise it in any belated petition pursuant to Ohio Revised Code § 2953.21.

Case No. 2:25-cv-146 Page 9 of 21

exhaust the claim because the deadline for filing a postconviction petition under § 2953.21 has passed.  Ohio Rev. Code § 2953.21(2)(a) (requiring such petitions to be filed within 365 "days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction").  On the other hand, the Ohio statute permits untimely postconviction motions in extremely limited circumstances.  Ohio Rev. Code § 2953.23(A).

The Sixth Circuit has suggested that the best course in situations like this is to stay the remainder of the habeas petition and permit the petitioner to attempt to exhaust the unexhausted claim in state court.  *See Godbolt v. Russell*, 82 F. App'x 447, 450 (6th Cir. 2003) ("No matter how unlikely it seems that Godbolt's petition will fall within the narrow exception contained in the statute, it is for the state courts to interpret and enforce their laws on such issues." (citation omitted)); *Gaston v. State of Ohio*, 27 F. App'x 301, 305 (6th Cir. 2001) ("This Court need not determine whether Appellant's claims meet the standards provided in O.R.C. § 2953.23.  Rather, the Appellant may bring a postconviction petition before the court that imposed the sentence, and it is the prerogative of that court to determine whether the petition meets the requirements of § 2953.23.").

But courts in this Circuit have concluded that unexhausted claims were procedurally defaulted where the petitioner could not satisfy § 2953.23(A)(1).  *E.g., Wilds v. Warden, Chillicothe Corr. Inst.*, 745 F. Supp. 3d 591, 603–04 (S.D. Ohio 2024); *cf. Benson v. Tenn.*, No. 2:19-cv-2236-TLP-tmp, 2021 WL 3891587,

at *8 (W.D. Tenn. Aug. 31, 2021) ("Besides, Petitioner filed no post-conviction petition at all. So he never asserted a claim of ineffective assistance of counsel to the Tennessee courts. And now, Petitioner can no longer bring these claims in state court, because the state statute of limitations has run." (citation omitted)). And the Sixth Circuit has affirmed such conclusions where it was obvious from the record that the petitioner could not "make the requisite showing for filing an untimely section 2953.21 petition." *Hedenberg*, 2020 WL 3422167 at *2 (citation omitted); *see also Moss v. Maldonado*, No. 24-4091, 2025 WL 3811368, at *2 (6th Cir. June 26, 2025) ("And Ohio's rule against successive post-conviction petitions would preclude Moss from raising any other claims in a new petition." (citing Ohio Rev. Code § 2953.23)); *Seymour v. Walker*, 224 F.3d 542, 553 (6th Cir. 2000) ("[T]his court need not reach the merits of this claim in any case, because Seymour did not raise it in any subsequent state court proceeding, and it appears that it can now no longer be considered by a state court. Since Seymour cannot show cause for this procedural default, . . . this claim is barred.").

Here, to satisfy the late-filing requirements, Petitioner would have to show both that he was "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present" the ineffective-assistance-of-trial-counsel claim and that, but for trial counsel's ineffectiveness, "no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]" Ohio Rev. Code § 2953.23(A)(1).

Because Petitioner's ineffective-assistance-of-trial-counsel claim is based on trial counsel's failure to hire a DNA expert, and because Petitioner necessarily knew of that failure by the time counsel failed to call a DNA expert at trial (if not well before then), he cannot satisfy Ohio's stringent standard for untimely postconviction petitions.

And, because the ineffective-assistance-of-trial-counsel claim is unexhausted and there are no available avenues by which to exhaust it, the claim is procedurally defaulted.

Petitioner can overcome procedural default by showing cause and prejudice or actual innocence. *E.g.*, *Hedenberg*, 2020 WL 3422167, at *3. Petitioner makes no attempt in the Petition, any of his letters, or his objections to satisfy the "cause and prejudice" standard. And although he repeatedly exclaims his factual innocence, he does not rely on any new evidence of innocence; he simply argues that the state-court jury should have interpreted the DNA evidence differently. Petitioner thus fails to overcome the procedural default of Ground One, and the Court dismisses it as procedurally defaulted.

Alternatively, even if the Court does not find the ineffective-assistance-of-trial-counsel claim procedurally defaulted, the Court has discretion to deny an unexhausted claim on the merits. *Linger*, 23 F. App'x at 253 ("[F]ederal judges possess the discretionary authority to *deny* unexhausted habeas claims on their merits to avert the purposeless future litigation, in the state courts, of substantively ill-conceived contentions." (citations omitted)).

Case No. 2:25-cv-146                                                    Page 12 of 21

Here, Petitioner argues only that his trial counsel could have, but did not, explore the possibility of hiring a DNA expert.  ECF No. 3 at PAGEID # 73.  To obtain habeas relief, Petitioner would need to show both that trial counsel's failure to hire a DNA expert amounted to deficient performance *and* that Petitioner was prejudiced by the failure to hire a DNA expert.  *Cf. Davison v. United States*, No. 21-4170, 2022 WL 17572211, at *1 (6th Cir. June 7, 2022) (explaining the standard for ineffective-assistance-of-counsel claims).  To establish prejudice, Petitioner would have to show that, but for trial counsel's failure to hire a DNA expert, "there was a reasonable probability that . . . the result of the [trial] would have been different."  *Id.* (internal quotation marks and citation omitted).

Setting aside the deficient-performance prong, Petitioner fails to establish prejudice.  He does not argue that he hired a DNA expert post-trial, that any DNA expert has tested the samples in the case, or that any post-conviction DNA testing was exculpatory.  Thus, even if the Court considers the merits of Ground One, it fails because Petitioner has not shown that there was a reasonable probability that the result of the trial would have been different but for trial counsel's failure to hire a DNA expert.  *Cf. Id.* at *4 ("These [ineffective-assistance-of-counsel] claims are largely conclusory, however, and he failed to show a reasonable probability that the result of the proceedings would have been different had counsel acted differently.  Davison presented no evidence that the results of DNA and fingerprint testing would have been in his favor.").  This is all

the more true given that Petitioner admits that his DNA was found on the victim's underwear and that her DNA was found on his penis; he simply provides non-incriminating explanations for the DNA's presence. Yet he fails to explain how a defense DNA expert could have aided his DNA-transfer theory in a way that trial counsel did not through cross-examination of Ms. Wanken (the forensic scientist who testified). *See* ECF No. 8-1 at PAGEID ## 614–17.

In conclusion, Ground One fails either as procedurally defaulted or, alternatively, on the merits.

## A. Grounds Two and Four

Grounds Two and Four challenge evidentiary rulings by the state trial court.

Ground Two reads:

> The court abused its discretion by disallowing evidence of prior sexual acts by the accuser which were intended to demonstrate the accuser's prior knowledge of those same sexual acts.

ECF No. 3 at PAGEID # 75.

> Ground Four reads:

> The court committed plain error by not issuing a limiting instruction following a sustained hearsay objection that the accuser had retracted her retraction.

*Id.* at PAGEID # 78

The R&R acknowledged that Petitioner exhausted both Grounds Two and Four. ECF No. 21 at PAGEID ## 1161–62, 1165–66. This Court addresses the grounds in reverse order.

The R&R concluded that Ground Four, although exhausted, was nonetheless procedurally defaulted because the Ohio Twelfth District Court of Appeals did not consider the claim on the merits and instead enforced an independent and adequate state procedural rule that barred relief. *Id.* at PAGEID # 1166.

On objection, Petitioner argues only that the challenged testimony constituted improper hearsay. ECF No. 25 at PAGEID # 1188. He does not address the issue of procedural default but does accuse the Court of denying his requests out of hand and without performing the requisite legal analysis. *Id.*

On *de novo* review, the Court agrees that Ground Four was procedurally defaulted. The trial court transcript confirms that trial counsel did not ask for a limiting instruction after his hearsay objection was sustained. ECF No. 8-1 at PAGEID # 473. Moreover, because of that failure, the Ohio Twelfth District Court of Appeals reviewed for plain error only. ECF No. 8 at PAGEID ## 274–75. By reviewing for only plain error, that court enforced a procedural rule. *Wade*, 785 F.3d at 1076 ("Wade's due-process claim is subject to procedural default, as there is no dispute that Wade's trial counsel did not request a limiting instruction at trial . . . and failed to raise an independent due-process claim before the Ohio courts regarding the lack of a limiting instruction. . . . That the state court engaged in plain-error review does not save a petitioner from procedural default." (internal quotation marks and citation omitted)); *cf. Moss v. Dums*, No. 25-1956, 2026 WL 1092163, at *2 (6th Cir. Apr. 10, 2026) ("[B]ecause the Michigan Court

of Appeals reviewed these arguments for plain error only, . . . , the court enforced this procedural rule." (cleaned up)).  For the same reasons discussed above in connection with Ground One, Petitioner has not shown cause and prejudice or actual innocence to overcome this procedural default of Ground Four.  The Court accordingly dismisses Ground Four as procedurally defaulted.[2]

The Court turns to Ground Two.  The R&R acknowledged that the Ohio Twelfth District Court of Appeals considered the merits of Ground Two.  ECF No. 21 at PAGEID ## 1161–62, 1165–66.  Applying Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") deferential standard of review to that state-court decision, the R&R then recommended denying Ground Two (in which Petitioner argues that the trial court abused its discretion) because habeas is concerned only with constitutional violations, and a trial court's abuse of discretion in evidentiary rulings does not amount to a constitutional violation of due process.  ECF No. 21 at PAGEID # 1162.  The Magistrate Judge further stated that he was unaware of any precedent from the United States Supreme Court that would render the trial court's evidentiary ruling unconstitutional.  *Id.*

On objection, Petitioner reiterates that the excluded evidence was relevant and that the jury should have heard the same.  ECF No. 25 at PAGEID ## 1185–

---

[2] The Court separately notes that, in any event, Petitioner makes no developed argument in his Petition as to why the trial court's failure to give a limiting instruction amounted to a constitutional due-process violation, and he did not frame the claim to the Ohio Twelfth District Court of Appeals as one of a constitutional violation.  *See* ECF No. 8 at PAGEID ## 231–33.

86. He does not attempt to explain how the trial court's evidentiary ruling was an unreasonable application of Supreme Court precedent, though.

This Court agrees with the R&R and overrules Petitioner's objection. Petitioner did not raise a federal claim on direct appeal; he argued only that the trial court abused its discretion under the Ohio rules of evidence and Ohio rape shield law. ECF No. 8 at PAGEID ## 233–37. He makes the same state-law argument in his Petition. ECF No. 3 at PAGEID # 75. Nowhere did Petitioner lodge a due process argument.

But habeas relief may be granted only where a person is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Seymour*, 224 F.3d at 552 ("Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they "offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."). Accordingly, Ground Two, as presented and exhausted in the state courts, and as presented in the Petition, is not a proper ground for habeas relief and must be dismissed. *E.g.*, *Davis v. Napel*, No. 16-1567, 2016 WL 10516656, at *4 (6th Cir. Nov. 8, 2016) ("As the district court explained, a trial court's alleged error based on its interpretation of its own evidentiary rules is not cognizable on federal habeas review unless the state court's ruling is so fundamentally unfair that it amounts to a due process violation." (citation omitted)).

In the alternative, this Court is not aware of any Supreme Court decision that would render the trial court's evidentiary ruling an abuse of discretion given the DNA and other evidence of guilt in this case.  *See* ECF No. 21 at PAGEID # 1162.  So, if a federal claim was exhausted and considered on the merits, Petitioner fails to overcome the AEDPA deference owed to the Ohio Twelfth District Court of Appeals' ruling.

## B. Ground Three

Ground Three states:

> The court committed reversible error by not finding prejudice as a result of the prosecution's discovery violation in its failure to disclose exculp. evidence.

ECF No. 3 at PAGEID # 70.  This ground for relief concerns a "third voicemail" (which states that the victim recanted her accusation) that the prosecutor did not disclose to Petitioner's trial counsel until during the trial.  ECF No. 8 at PAGEID ## 229–31.

The R&R construed Ground Three as a *Brady* claim and determined that the Ohio Twelfth District Court of Appeals' conclusion that Petitioner was not prejudiced by the late disclosure of the voicemail was entitled to AEDPA deference and that the claim failed on the merits.  ECF No. 21 at PAGEID ## 1164–65.

Petitioner argues on objection that the jury was not present when the prosecutor revealed the existence of the third voicemail, the jury never heard any

of the three voicemails, and the prosecutor thus committed a *Brady* violation. ECF No. 25 at PAGEID ## 1186–87.

On *de novo* review, the Court finds that Petitioner never presented this ground for relief to the state courts as a *Brady* claim, cannot do so, and it is, thus, procedurally defaulted. On direct appeal, Petitioner's counsel presented the claim as a violation of only the Ohio discovery rules.[3] ECF No. 8 at PAGEID ## 229–31 (acknowledging that counsel and the trial court considered the issue as a *Brady* issue but arguing that it was actually a discovery issue). In fact, appellate counsel specifically argued that, because the voicemail was disclosed during trial, *Brady* did not apply, and the issue should be decided *only* under Ohio Rule of Criminal Procedure 16. *Id.* The Ohio Twelfth District Court of Appeals indeed analyzed the issue as one only under Ohio Rule of Criminal Procedure 16 and concluded that Petitioner was not prejudiced by the mid-trial disclosure. *Id.* at PAGEID ## 272–74. By abandoning on direct appeal the argument that the mid-trial disclosure constituted a *Brady* violation and focusing instead on a violation of state discovery rules, Petitioner procedurally defaulted the federal claim.

---

[3] "A petitioner can present a federal claim by including the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Trem v. Marquis*, No. 17-3640, 2017 WL 9545798, at *2 (6th Cir. Dec. 21, 2017) (citation modified).

In the alternative, any non-defaulted *Brady* claim fails on the merits for two reasons. This Court is aware of no Supreme Court case holding that mid-trial disclosures can amount to *Brady* violations. Further, the state court's conclusion on prejudice was not incorrect—let alone contrary to, or an unreasonable application of, Supreme Court law.[4] As the state court of appeals noted, the third voicemail was cumulative to the two of which trial counsel was aware and was disclosed to trial counsel before the witnesses who left the voicemails testified. ECF No. 8-1 at PAGEID ## 399–415. Moreover, although trial counsel argued that the late disclosure prevented him from creating an accurate timeline of the victim's recantation, he did not seek a continuance, and the trial court noted that trial counsel had just calculated the timeline during the recess and therefore was not prejudiced given that the witnesses who left the voicemails had yet to testify. *Id.* Thus, any *Brady* claim alternatively fails on the merits.

## III. CONCLUSION

For the above reasons, the Court **DISMISSES WITH PREJUDICE** the Petition. Petitioner is **DENIED** a certificate of appealability, and the Court hereby certifies to the United States Court of Appeals that an appeal would be objectively frivolous and, therefore, Petitioner should not be permitted to proceed *in forma pauperis*. The Clerk shall enter judgment for Respondent and close the

---

[4] This Court does not apply a presumption of correctness to the Ohio Twelfth District Court of Appeals' "no prejudice" conclusion because prejudice is a mixed question of law and fact. *Ramonez v. Berghuis*, 490 F.3d 482, 491 (6th Cir. 2007).

case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**